IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN MIRANDA Sr., MARIA MIRANDA, and L.M. a minor, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO POLICE OFFICER DOES 1-10, <br><br> Defendants. | Case No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiffs, by and through their attorneys at the Law Offices of Haytham Faraj, bring this action against Defendants, pursuant to 42 U.S.C. §1981, §1983, and various state causes of action, based on an illegal search and seizure occurred at the Miranda family residence, located in the City of Chicago, County of Cook, and State of Illinois, on September 29, 2018. This Complaint is based on the damages arising by and through that illegal search and seizure.

## JURISDICTION and VENUE

2. The Jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§1981 and 1983 *et seq*; the Judicial Code, Sections 1331, 1343(a), and 1367; and the Constitution of the United States of America.

3. Venue is proper in this District under 28 U.S.C. 1391(b). The parties reside, or at the time of the events took place, resided in this judicial district. The events giving rise to the Plaintiffs' claims also occurred in this judicial district.

1

## PARTIES

4. MARTIN MIRANDA, Sr. ("Martin Sr.") is a resident and citizen of Cook County, Illinois.

5. MARIA MIRANDA ("Maria") is a resident and citizen of Cook County, Illinois.

6. L.M. ("LM") is a minor and a resident and citizen of Cook County, Illinois.

7. DOES 1-10 are Chicago Police Officers who were acting under the color of law.

## FACTS COMMON TO ALL COUNTS

8. Plaintiffs incorporate by reference all other paragraphs in this complaint as though fully alleged herein.

### The Intrusion

9. On the morning of Saturday, September 29, 2018, Martin Sr., an elderly, man, was sleeping on his day off of work. Maria, his wife, just got home from work as a machine operator and was changing her clothes. Marin and Maria's youngest son, LM, was watching TV on his day off of school.

10. Then, all of sudden, the front door came crashing in and armed men forced their way inside. Maria panicked and began crying in fear. Martin Sr. jumped up out of bed and rushed into the living room. LM froze on the couch and was too scared to even move.

11. These armed men were Chicago Police Officers.

12. The Officers gathered the three Plaintiffs and seized them in the living room.

13. The Officers locked the family's two puppies in the bathroom.

14. Martin Sr. and the officers had a short conversation.

15. Officers told Martin Sr. they were looking for Martin Fierro. Martin said, "no, no. Not here," as he grabbed his wallet and showed officers his ID. "Look my name is Martin

2

**Miranda**," the nervous Martin told officers. Then Martin Sr. pointed to the floor and told officers that he thinks Fierro lives downstairs - in the FIRST floor unit, NOT the second floor.

16. Martin Sr. looked over to Maria, who was in tears, to try to assure her that things will be okay. He said to her, "no tepreocupes mi amor, les mostrando mi ID." (Don't worry my love, I am showing them my ID).

17. Both, Martin Sr. and Maria relax for a second.

18. Then, to their surprise, the officers ignored Martin Sr. and started searching the family's home.

19. Items were thrown all over the place. Drawers were opened so aggressively and recklessly that they were broken. Mattresses were flipped without regard to any personal items on the bed or nearby. Closets were ransacked. Clothes were thrown around.

20. In addition, both the front door and front gate were broken by officers and needed to be replaced.

## The Illegality of the Intrusion

21. As set forth above, on September 29, 2018, CPD officers forced their way into the Miranda family home, ignored clear evidence they had the wrong residence, remained illegally in the home, and then ransacked it.

22. CPD's intrusion into the Miranda home was based on an illegal and facially invalid search warrant. As the Fourth Amendment to the United States Constitution prescribes, "no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched." U.S. Const. Amend. IV; *See also People v. West*, 48 Ill. App. 3d 132, 134, 362 N.E.2d 791, 793 (4th Dist. 1977).

23. The search warrant granted officers' authority to search Martin **Fierro** and the premises in question for evidence of unlawful possession of cannabis.

24. The warrant, however, is silent as to the amount of cannabis.

25. The law in Illinois has decriminalized the possession of 10 grams or less of cannabis.

26. On its face, this warrant is vague, has the *WRONG* address for Mr. Fierro, and does not justify a search of the premises because possession of cannabis only becomes a crime in Illinois if the amount is greater than 10 grams.

## The Damages

27. Plaintiffs were shocked and frightened by the unexpected and unwarranted intrusion. This is especially true for Maria, who suffered from anxiety and insomnia prior to this incident. Now her symptoms have been exacerbated by this illegal intrusion.

28. LM was diagnosed with PTSD as a result of the intrusion.

29. In addition to the mental anguish the Mirandas have suffered and will likely continue to suffer, officers broke two of their doors.

30. They broke the front gate when the initially entered the property, and they broke the front door of the Mirandas' home when they entered the Mirandas' actual residence.

31. Officers took down Martin Sr.'s contact information because they promised to call and fix the doors they damaged. Days passed, but no one ever called.

## COUNT I
### ILLEGAL SEARCH AND SEIZURE § 1983

32. Plaintiffs incorporate by reference all other paragraphs in this complaint as though fully alleged herein.

33. Defendants effectively placed Plaintiffs under arrest when they were seized within their residence.

34. Defendants did not have probable cause to arrest and seize Plaintiffs.

35. Defendants did not have probable cause to search the Miranda residence.

36. Defendants acted under the color of law.

37. Defendants caused injury to Plaintiffs.

## COUNT II

### FRAUDULENTLY OBTAINED WARRANT

39. Plaintiffs incorporate by reference all other paragraphs in this complaint as though fully alleged herein.

40. The application for the search warrant contained a materially false statement regarding the address of the intended subject.

41. The affiant knew the statement was false or should have known it was false at the time of the application.

42. Moreover, Defendants learned the statement was false was presented with Martin Sr.'s identification.

43. Plaintiffs suffered damages and injuries as a result of the fraudulently obtained warrant, or alternatively suffered damages and injuries as a result of the defendants continued search after being presented evidence of the material falsehood.

## COUNT III

### INVASION OF PRIVACY
### (INTRUSION UPON SECLUSION)

44. Plaintiffs incorporate by reference all other paragraphs in this complaint as though fully alleged herein.

45. Based on an invalid and illegal search warrant, defendants intruded into the plaintiff's seclusion by breaking Plaintiffs' gate and front door, entering their home, and searching their home and private belongings.

46. The unauthorized search of the Plaintiffs' home was offensive and would be offensive to a reasonable person.

47. The Plaintiffs have a reasonable expectation of privacy in their home.

48. The unauthorized intrusion caused Plaintiffs anguish and suffering.

## COUNT IV

### TRESPASS

49. Plaintiffs incorporate by reference all other paragraphs in this complaint as though fully alleged herein.

50. Plaintiff's lawfully possessed their property at the time of trespass.

51. Defendants were not granted authority to enter.

52. Plaintiffs suffered injury and damages as a result of the trespass.

## COUNT V

### NEGLIGENCE / GROSS NEGLIGENCE

53. Plaintiffs incorporate by reference all other paragraphs in this complaint as though fully alleged herein.

54. Defendant Officers had a duty to exercise ordinary care in executing search warrant.

55. Defendant Officers breached their duty of ordinary care when they were presented evidence that they were in the wrong residence.

56. Defendant Officers' conduct was willful and wanton because they ignored the evidence that they were in the wrong residence and continued the illegal search and seizure.

57. Defendant Officers' breach caused damages.

## COUNT VI

### ASSAULT

58. Plaintiffs incorporate by reference all other paragraphs in this complaint as though fully alleged herein.

59. Defendant Officers placed plaintiffs in fear of imminent contact.

60. Defendant Officers had an apparent ability to cause the harm.

61. Defendant's conduct created a reasonable apprehension of bodily harm or offensive contact.

62. The Mirandas suffered damages.

## COUNT VII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Defendants' conduct was extreme and outrageous given the circumstances.

64. Defendants' either intended to inflict emotional distress, or knew that there was a high probability that their conduct would cause such distress.

65. Defendants' conduct in fact proximately caused severe emotional distress.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants:

1. For compensatory damages in an amount deemed fair and just by the trier of fact.

2. For punitive damages against the individual Defendants in an amount to be determined by the trier of fact.

3. For pre-judgment and post-judgment interest.

4. For attorneys' fees and costs pursuant to 42 U.S.C. §1988.

5. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury for all issues and claims raised in this complaint.

Respectfully Submitted by,

/s/ *Matthew Amarin*
Matthew Amarin (6308477)
Christina Smedley (6321542)
The Law Offices of Haytham Faraj, PLLC
1935 W. Belmont Avenue
Chicago, IL 60657
312-635-0800
Matthew@farajlaw.com
Christina@farajlaw.com